IN THE SUPERIOR COURT



**FILED**
May 12, 2021
SX-2016-CV-00352
TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| BANCO POPULAR DE PUERTO RICO, | |
| PLAINTIFF, | SX-16-CV-352 |
| v. | ACTION FOR: DEBT |
| | Cite as: 2021 VI SUPER 48U |
| KIANNA D. SUMAYAH A/K/A KIANNA D. SUMAYAH-HARRY, | |
| DEFENDANT. | |

**Appearances:**

**Charles E. Lockwood**
Dudley Newman Feuerzeig LLP
1131 King Street
Christiansted, St. Croix
U.S. Virgin Islands 00820-4971
*Attorney for Plaintiff*

## MEMORANDUM OPINION

**WILLOCKS, Presiding Judge**

¶1 **THIS MATTER** is before the Court on Banco Popular De Puerto Rico's undersigned counsel's (hereinafter Plaintiff) Motion for Costs and Attorney's Fees filed on December 14, 2020.

### I.  Background

¶2 The Complaint was filed on June 9, 2016 by Plaintiff. The Court ordered Plaintiff's Motion for Publication on September 19, 2016. Proof of Publication was received on November 9, 2016. A Motion for Entry of Default was filed on November 29, 2016. An Entry of Default was entered by the Court on January 12, 2017. A Motion for Default Judgment was filed on November 22, 2019. A Motion for to Renew its Motion for Judgment by Default was filed on April 27, 2020. The Court ordered a Default

*Banco Popular De Puerto Rico v. Kianna D. Sumayah-Harry*
SX-16-CV-352
**Memorandum Opinion & Order**
Page **2** of **5**

Judgment against Kianna D. Sumayah a/k/a Kianna D. Sumayah-Harry on November 6, 2020. A

Motion by Plaintiff for Costs and Attorney's Fee was filed on December 14, 2020.

## II.     Discussion & Legal Standard

¶3     Pursuant to 5 V.I.C. § 541(a), a prevailing party may recover costs, including attorney's fees.

*Chapa v. Sepe*, 2013 V.I. LEXIS 72 (Super. Ct. June 3, 2013). Further 5 V.I.C. § 541(b) defines a

prevailing party as "...the one in whose favor a decision or verdict is rendered and a judgment is

rendered." *Id.* (citing *Melendez v. Rivera*, 24 V.I. 63, 65 (Terr. Ct. 1988)). In considering compensation

for attorney's fees, "the amount of...fees to be awarded to the prevailing party is intended to be an

indemnification for a fair and reasonable portion...and not for the whole amount charged by the

attorney."[1] Duplicative, excessive, or redundant fees are not considered reasonable.[2] For work to be

included in the calculation of reasonable attorney's fees, the work must be 'useful and of a type

ordinarily necessary' to secure the final result obtained from the litigation."[3] Supreme Court found

guidance in the factors discussed by the Appellate Division of the District Court of the Virgin Islands

in *Andrew Evans v. R&G Mortgage Corp.*, D.C. Civ. App. No. 2003/126 (D.V.I. App. Jan. 10, 2007)

—namely:

> The time and labor required, the novelty and difficulty of the issues involved, the level of skill
> needed to properly conduct the case, the customary charges of the bar for similar services, the amount
> involved in the controversy, the benefits resulting to the client from the services, and the contingency
> or certainty of compensation. *Judi's of St. Croix Car Rental v. Weston*, 2008 V.I. Supreme LEXIS 21,
> *3 (V.I. 2008).

---

[1] *Chapa v. Sepe*, 2013 V.I. LEXIS 72 (Super. Ct. June 3, 2013) (citing *Trailer Marine Transp. Corp v. Charley's Trucking, Inc.* 20 V.I. 286, 290 (Terr. Ct. 1984)).

[2] *Chapa v. Sepe*, 2013 V.I. LEXIS 72 (Super. Ct. June 3, 2013) (citing *Wenner v. Government of the V.I.*, 29 V.I. 158, 166 (D.V.O. 1993)).

[3] *Chapa v. Sepe*, 2013 V.I. LEXIS 72 (Super. Ct. June 3, 2013) (citing *Banco Popular de Puerto Rico v. Carew*, 2009 U.S. Dist. LEXIS 67045, [WL], at *1 (D.V.I. Aug. 3, 2009) (citing *Planned Parenthood v. AG*, 297 F.3d 253, 266 (3d Cir. 2002) (quoting *Pennsylvania v. Del. Valley Citizens' Council*, 478 U.S. 546, 561, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986))).

Cite as: **2021 VI SUPER 48U**

*Banco Popular De Puerto Rico v. Kianna D. Sumayah-Harry*
SX-16-CV-352
**Memorandum Opinion & Order**
Page **3** of **5**

### a. Attorney's Fees

¶4    Here, the Court notes that Plaintiff is the prevailing party in this matter based on the Court's finding that Plaintiff was entitled to a judgment by default on November 6, 2020. The Court will now determine whether the attorney's fees and costs required falls within the confines of Section 541.

¶5    First, the Court reviews the time and labor expended in this matter. According to the slip listing including the itemization of attorney's fees: document preparation in the form of "Complaint" is listed on April 13, 2016 for one hour total and referenced as STG ("Samuel T. Grey"). Other document preparation includes Motion for Substitution Service, Order, and Affidavit. Also included in that category is Summons for Publications, Proof of Publication and Motion for Entry of Default and Affidavit for one hour total. The Court finds this to be reasonable.

¶6    Second, the Court evaluates the novelty and difficulty of the issues involved. The Court finds the issues involved herein is neither novel nor complex, given that it is similar to *Banco Popular de P.R. v. Davis* which was a straightforward collection's case and that the record in this case is minimal. *See Banco Popular de P.R. v. David*, 2017 V.I. LEXIS 56 (Super. Ct. 2017).

¶7    Third, the Court evaluates the level of skill required of counsel to properly conduct the case. Similar to *Banco Popular de P.R. v. David*, the Court found that a collection's case is straightforward and all documents prepared were short and did not require a high level of skill. *Id.* at 10. Again, this matter is similar because it required short document preparation in the form of drafting a Complaint with attachments, an affidavit, a Motion for Entry of Default with attachments and other similar documents that are generally straightforward in the legal field.

¶8    Fourth, the Court compares the hourly rate charged in this matter with the customary charges of the Virgin Islands attorneys. In *Banco Popular de P.R. v. David*, it was held that an hourly rate of

*Banco Popular De Puerto Rico v. Kianna D. Sumayah-Harry*
SX-16-CV-352
**Memorandum Opinion & Order**
Page **4** of **5**

$300.00 to be consistent or lower with the customary and prevailing market rates attorneys charged in the U.S. Virgin Islands.[4]

¶9     Fifth, the Court considers the amount in controversy and the attorney's fees requested. *Id.* at 11. The Court in *Banco Popular de P.R v. David* held that the amount in controversy was $15,725.01 and attorney's fees requested were $895.00. *Id.* at 11-12.[5] This was held to be reasonable because the amount in controversy and the attorney's fees requested was within a reasonable relationship within one another. Similar to here, the amount in controversy was $15,504.93 and the attorneys are requesting fees in the amount of $1,516.00.[6]

¶10     The Court finds this relationship to be within reason as well. Lastly, the Court considers the contingency or certainty of compensation. According to Charles E. Lockwood, Esq.'s affidavit, the firm was retained by Plaintiff at a billing rate of $300.00 per hour. (*See* Declaration of Counsel in Support of Application for Costs and Attorney's Fees ¶ 3). Thus, it appears there was not a contingency fee agreement here. Based on the foregoing, the Court finds the attorney's fees sought by Plaintiff to be reasonable.

### b.  Costs

¶11     According to the slip list including the itemization of the costs, Plaintiff was billed for a filing fee, recording fee, process service and publication. Section 541 only permits recovery of certain costs. Filing fee and process service fee do not fall under the allowable costs of Section 541.[7] Section 541(a)(3) allows for costs allowed for publication of the summons or notices. Therefore, the Court will

---

[4] *Id. See also Garvey v. Estate of Moorhead.* SX-13-CV-210, 2016 V.I. LEXIS 107, *11 (Super. Ct. June 2013) (unpublished).

[5] In *Judi's*, the Supreme Court found that the attorney's fees are unlikely to be reasonable when the attorney's fees requested was almost four times the amount in controversy. *Judi's of St. Croix Car Rental v. Weston*, 2008 V.I. Supreme LEXIS 21, *3 (V.I. 2008).

[6] *See* Declaration of Counsel for Fees and Costs (Plaintiff incurred the amount of $481.00 by Charles Lockwood, Esq. and $623.00 as expenses in this case by Samuel T. Grey, Esq.).

[7] Title 5 Section 541 of the Virgin Islands Code (a)(1-6).

Cite as: 2021 VI SUPER 48U

*Banco Popular De Puerto Rico v. Kianna D. Sumayah-Harry*
SX-16-CV-352
**Memorandum Opinion & Order**
Page **5** of **5**

allow the Publication fee for $447.00 but will exclude the other costs listed for not being within Section 547. *See Banco Popular de P.R. v. David*, 2017 V.I. LEXIS 56 (Super. Ct. 2017) (holding the filing fee and process service fee do not fall under Section 541). Further, the recording fee also doesn't fit within the language of any of Section 541. Thus, the Court will **GRANT** the publication fee for $447.00.

### III.   Conclusion

¶12    Based on the foregoing reasons, the Court will GRANT Plaintiff's Motion for attorney's fees in the amount of $1,516.00 and costs in the amount of $447.00. Given that the Court finds that there can be no dispute as to the amount of damages due in this matter, it is not necessary to hold a hearing to establish the amount of damages.

It is hereby:

**ORDERED** Plaintiff's reasonable costs of attorney's fees of $1,516.00 is **GRANTED**, it is further

**ORDERED** Plaintiff's costs in the amount of $447.00 is **GRANTED.**

**DONE and so ORDERED this** 12th **day of** May **, 2021.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

**ATTEST:**
**Tamara Charles, Clerk of Court**

Court Clerk Sup
5/13/2021